Thank you for having us here today at Boston College Law School. Our first case for argument is 24-1310, Flygrip v. PopSockets. Mr. Gonsalves, please proceed. May it please the court, my name is Dr. Greg Gonsalves and I'm representing Flygrip. First I'll talk about the Combs and Pyramids and then I'll move on to the written description issue. Independent Claim 2 recites an extension. Can I ask you a preliminary question, which is, if you have to win on both, because if we disagree with you on any one of these, the claims are gone, is that the logistical situation? Yeah, there's two IPRs, so I would have to prevail on both written description and the obviousness with respect to Nakai and Grinfis. Grinfis, you're correct, because this is an appeal of two IPRs. It was rejected for two different reasons. Independent Claim 2 recites an extension consisting essentially of a single-case conical telescope being flexible to a diva structure. This is at 167 of the Joint Appendix at Column 9. Now the Board relied upon Grinfis' disclosure of a sound conduit having a pyramid shape for the conical claim limitation, and this is at the final written decision on page 96 of the Joint Appendix. The Board's obviousness decision is based upon an incorrect claim construction that conflates a cone and a pyramid. Can I just ask, just tell me if I'm misremembering, my sense of the claim construction issue was that the intrinsic evidence doesn't tell us much. It uses the word cone, but doesn't tell us much. So this is one of those relatively unusual cases where turning to the dictionaries seems to be at the center, and it turns out that some of the dictionaries give definitions of cone to be something other than your classic circular base point at the top, ice cream cone type cone, broad enough to include what you're calling a pyramid, which would then make this a factual question under TEVA. Why does that not lead to an affirmance of the Board on the claim construction? So I think I can explain that if you look at the pictures. Can you speak up a little bit? Sure. I'll move the microphone closer. So can you please take a look at 1707 of the appendix? Yeah. This is what? This is an excerpt from the expert's declaration. Your excerpt? Correct. And here you see various types of pyramids, but you have to look at two characteristics that are very important that all pyramids have. First, they have triangular planar sides. And second, they have a polygon shape as the base. So if you look at the base, there are sides. So for instance, the square pyramid, there's four sides. But I guess what I'm remembering, tell me if I'm misremembering, at least one of the definitions that the Board relied on said the term cone can apply to basically any base, a point on top, and the lines drawn from the point to the places on the base. All of that would be true of all of these pyramids. No, I don't think that's the case. Because if you look at, for instance, figure 20 of the patent that issue, it shows what a cone looks like. It has two things that a pyramid doesn't have. First, it has curved circular sides, and also the base has to be... The cross sections are curves. Even when you look at the entire shape in three volumes, you see that the sides are curved. But that's just an embodiment. I don't think that the Board said that something that's curved isn't conical. I think the Board said that something that's curved is conical, but something that's not curved but has a closed planar curve is also conical. And the pyramid shape has a closed planar curve. What am I missing? No, the pyramid shape does not have smooth curved sides. Do you disagree that there were definitions in the record that supported the Board's instructions? Yes, I disagree with that. Because it's clear from these pictures, if you compare the pictures of the pyramids, and if you look at the characteristic of a pyramid, and you look at the picture of figure 20, which is the figure that was identified as embodying the claims at issue in this proceeding... Claims are never limited to an embodiment. There's nothing in the spec that disclaims anything broader than the picture of figure 20? So, one of the things I referenced was a response to a restriction requirement, and the applicant selected an embodiment. And the applicant said, these claims, which include this limitation that we're discussing now, are supported by figure 20 of the patent. But the specification does not use the word conical, does it? The specification doesn't use the word... Hold on, I want to make sure I give an accurate answer to your question. I think conical only appears once in the claims, and not at all in the specification. But tell me if I'm wrong. You're right. And so, because it's not redefined by the specification, you would have to give it the meaning that a person of ordinary skill in the art would give it. And a person of ordinary skill in the art would understand that a cone is not a pyramid. They're two completely different things. But that's where the definitions come in, as Judge Duranto said a few minutes ago, and the board relied on them. And it's, you know, picked some definitions and not others, as being apt for this. Yeah, but none of the definitions were inconsistent with what I'm telling you now. Okay. A cone has to have a curved base. It can't have a polygon base. It cannot. It's impossible. There is no cone that has a curved base. There's also no cone that has triangular planar sides. No cone has either of those two characteristics. Those are characteristics of a pyramid and not a cone. A cone has smooth curved sides, and it has a curved base. Okay. What do you make, though, of, for example, various definitions that are in the appendix? Page 4471 is one. It actually has a square-based pyramid, which it calls a cone. And it actually says a cone is the general name of any shape that has a flat base of any shape tapering up to a point. The base can be any shape. If it is a polygon shape, it's called a pyramid. The cones, you will see in exams, will be circular-based, meaning this is extrinsic evidence in the form of some math textbook that was cited by the board that led them to conclude that this pyramid shape or polygon shape was nonetheless a cone because they relied on this extrinsic evidence. And we decide whether that's supported by substantial evidence. We don't look at it de novo. We have to evaluate whether there was substantial evidence for the board. Why isn't this substantial evidence? They're pointing to a pyramid and saying it's a cone in this textbook. Okay. So with all due respect, Your Honor, I think you're misinterpreting what this says. Okay. This says, it does say, and I believe we're both at 4471 of the joint appendix. Is that correct? That's where I am. Yes. So a cone is the general name of a shape that has a flat base of any shape tapering up to a point. Then it says the base can be any shape. But one thing it doesn't say, it doesn't say that a cone can have a base that's a polygon because that's just not true. So any shape doesn't include a polygon? The base cannot have, the base of a cone has to be curved. It cannot have sides. It cannot be a polygon with sides connecting vertices. That's not what a cone is. That's what a pyramid is. And also a cone has to have smooth curved sides. So the definition that you're reading starts talking about a pyramid. It's not really a definition. It's just talking about two different things, a pyramid and a cone. I certainly understand your argument, but I have to review the board's conclusion otherwise for substantial evidence. This, it seems, best case scenario for you, this passage in this textbook could be understood to have either of two meanings. That the polygon is in fact the base shape of the cone. Or your meaning that nope, that's not, that's a pyramid and a pyramid is distinct from a cone. Best case scenario for you, there's two possible meanings for this. The board chose one and I don't review it de novo. I have to review it for substantial evidence. So how, I don't understand how I ignore the evidence that they pointed to. So I'm not asking you to ignore it, but with all due respect, I think you're misinterpreting what this particular passage is saying. Okay, but you're misunderstanding because it's not me interpreting it, it's the board. And I have to give them substantial evidence deference. The board interpreted this. And I don't review it de novo. Okay, but this doesn't meet the substantial evidence standard either. Because this is a definition, and the way I interpret this definition, particularly in light of a person of ordinary skill in the art of reading it, is they would understand that they're talking about two different shapes. One is a cone and one is a pyramid. And a cone has a, and you also have to consider all of the other evidence that's over record, which indicates that a cone has a circular base, not a polygon. And a cone has a smooth curve sides, not plain or triangular sides. They're just two completely different shapes. What about 4500, which is another piece of the extrinsic evidence, which shows a safety cone, and that is not curved, it's clearly angular, and yet it's called a safety cone. This four-sided cone clearly mocks all types of hazards. I mean, this is all the evidence that the board had in front of it and cited. That's, you agree, that's not circular, correct? Right, but I think you've got to look at this particular page that you pointed to me in the context of what they're trying to describe. And look at 4502. 4502 is very much a square cone, 4502, and yet it's called a cone. It's definitely angular and square. There's absolutely nothing circular about it. This is all the evidence that was in front of the board. 4502 is an advertisement for a snack cone. It's not really a technical definition of a cone or a pyramid. It's not a definition. A person of ordinary skill and yacht would not gain its understanding of a cone and a pyramid from advertisements from a snack cone or for some kind of traffic hazard item. A person of ordinary skill and yacht would. But did you object to that evidence's introduction? Did you suggest that it was inappropriate for the board to rely on that evidence? Did you object to it? You mean at the IPR? Yeah. I didn't do the IPR, but I understand that in the documents that were filed there that was pointed out. Absolutely. At page 4462 is not an advertisement, but Merriam-Webster Dictionary, that's the one that I think we started with. A solid bounded by a circular or other closed plane base and the surface formed by line segments joining every point of the boundary of the common vertex. That's not advertisement. That does seem to cover the polygon-based cone to be 10 inches. I'm sorry. You had the page and you were reading. 4462. I was looking for the page. Which portion did you read from? 4462, definition 1B. 1A is what you think of and probably everybody in this room thought of the word cone as an initial matter, classic right circular cone. But B is the broader one. Okay, so B says that a solid bounded, meaning the base of it, is curved or circular. It also says or other closed plane base. But it doesn't say that the plane base can be a polygon. It doesn't say that in this definition. Formed by line segments joining every point of the boundary of the base. Oh, I see. You're doing the verticals. But closed plane base is not, doesn't say anything except that it's planar and closed. I know, but I don't read that as saying that even something that's a polygon that has sides connecting vertices would fall within the scope of 1B. Counsel, you've used all your regular time and all your rebuttal time. If you'd like I'll restore two minutes of rebuttal time. But we should hear from Mr. Foshburn. May it please the court, Ian Washburn for PopSockets. Your honors, I would like to start with Judge Prost's question regarding the Putinist issue. The answer to your question, Judge Prost, is that you need not reach the second IPR if you affirm on either of the IPR. If you affirm on either of them, you don't need to reach the other one. This, in my understanding, would be similar to what the court did in genetics versus Cisco approximately two years ago. On that note, if there is one of the two IPRs that your honors are particularly interested in, I would be happy to direct my commentary to that IPR. Do you think you can guess which one that is? Yes, I was going to say. But given the discussion just now, we were focusing on the 938 and in particular on the construction of Cone. Now, a moment ago, the court asked whether counsel disagreed that there were definitions in the record that would cover a pyramid structure such as that of Grinnell's. In the subsequent back and forth, your honors pointed to a variety of examples. Just so the record is clear, a few further examples of definitions in the record that support the board's construction that did not come up in the back and forth just now include Appendix 4469. I understand that the board understands that a pyramid is a special case of cone and therefore you can refer to a pyramid as a cone but not the other way around. Am I correct? Answer, you are correct. Appendix 4468, definition. The surface traced by a moving straight line that always passes through a fixed point, the vertex. Ellipsis. The directrix of a cone need not be a circle. Okay, so your friend's answer, I'm not speculating, I'm trying to discern, seems to be that fine, there are definitions and dictionaries but we're talking about how one skilled in the art would have construed the term which only appears in the claims. So what's your answer to that? I mean, if in fact there was evidence that one skilled in the art would construe it a certain way, notwithstanding general dictionary definitions, would that not carry the day? In this situation, Your Honor, may I answer your question with some of the procedural history? The parties agreed that the terms received plain and ordinary meaning. The board did not suggest that anything else applied and the board first looked to the intrinsic evidence and found nothing limiting conical. And then, as Your Honor's discussed, looked to the extrinsic evidence. Now, theoretically, if the weight of the evidence supported a narrower meaning of cone, and based on that weight of evidence, the board were to find that a person of skill would have interpreted cone to be limited to structures with circular bases. Then the answer to your question is yes. The existence of some broader definitions would not necessarily carry the day. But that's not what happened here. Does that answer your question, Your Honor? Can I just ask, so between circle and polygon as base lie a bunch of curved non-circles like ellipses. Which of the definitions, like the one you just cited from the Britannica, that's 4-4-6-8, says it doesn't have to be a circle. Which of the definitions indicate that it can actually be a polygon, that is, with corners? Certainly, Your Honor. I'll be repeating back some of the back and forth from the previous argument. But on Appendix 4-4-6-2, which we provided the board and the board cited at Appendix 83, the definition is a solid bound by a circular or other closed plane base and the surface formed by line segments essentially extending up to the vertex. Right, so that's certainly broad enough to include a polygon. What's the term, directrix? Is that the term that's used in the Britannica? That's right. Anyway, the base, since we're all thinking about it that way. But does any of the definitions affirmatively state, and by the way, that base can be a polygon as opposed to something smooth, curved, but not necessarily circular? Well, firstly, Your Honor, I think it is difficult to dispute that a polygon is a closed plane as defined in 4-4-6-2. I got that. That it's a flat shape, as in 4-4-7-1, etc. I am not aware of a definition that specifies that the base of a cone could be, quote, a polygon, in those words, just as I am not aware of a definition that specifies explicitly that the base of a cone could be an octagon. The definitions state broadly that the base can be a closed plane. Did the other side place in the record definitions that affirmatively state the base has to be smoothly curved, that is, non-polygonal? They placed in the record two definitions that suggested that the base needs to be circular. I do not believe there were any definitions that said it can be a lot of things, but it can't be a polygon. Does that answer your question? I think so. And on the question of the smooth, curved sides, which I'm turning to because that may be related to your question, on appeal, appellant refers repeatedly to a definition that, in addition to stating that there needs to be a certain base, also states that there needs to be, quote, smooth, curved sides. This comes from their initial briefing below. Their support for their construction of cone was based entirely in paragraphs 76 to 77 of their expert's report. This cites two definitions. Which I would find where? Certainly. Appendix 1706 to 1707. Okay, so why isn't that good enough to create a record in which on one side, it's not limited to circles, which I think is clear enough, that doesn't get you to bases with corners. We have one thing on the other side from an expert saying not polygons. Why does that allow the board to make the jump to polygons are included? I would respectfully disagree that it's a jump. The board had for them two dictionary definitions as flag grips, extrinsic evidence supporting a requirement for a circuited base. They had at least nine pieces of extrinsic evidence from us supporting the hard part construction that the board ultimately adopted. In that situation, oh, and further, your honor, one of the two definitions that appellant put forward was half of an alternative definition. This is the 1A, 1B issue that you probably recalled briefed in the papers. In that situation, I want to be very clear that we're not suggesting that the board should resolve these types of disputes by counting. But if we're asking under a substantial evidence inquiry, if a reasonable mind might accept the evidence as adequate to support the finding, I would submit, your honor, that only a reasonable mind could accept our extrinsic evidence and testimonial evidence over theirs. So, on the returning to the smooth curved sides point, your honor, in the section of flag grips expert, Mr. McDonald's declaration that I pointed you to a moment ago, there are references to two footnotes. All of the discussion below focused on the first of those two definitions. The definition included in footnote 98, which can be found in appendix 4462. That's the Merriam-Webster that we talked about. With the 1A, 1B, yes, your honor. On appeal, flag grip has seized on the second of those two definitions, which is not the appellate record. I don't believe they are. Leave that label below. I don't believe the term smooth curved sides was a remotely salient part of the discussion in the below IPRs. Even if they had, even if this had been a live issue before the board, it wouldn't matter because the parties have not disputed that a cone involves a base and a vertex with a bunch of line segments connecting them. That seems to be undisputed. If I understand the term smooth curved sides correctly, and I am open to correction, but if I understand this term correctly, whether that shape, whether that structure has, quote, smooth curved sides will generally be entirely a function of the base. If I understand the way they are using that term correctly. In our view, the pivoting, which I don't mean directly, but turning more toward the second definition for appeal with lots of emphasis on the term smooth curved sides does nothing to undermine the board's reasoning and findings below. Let me just be sure I understand it. Did you just refer to how in the second IPR, which we haven't otherwise spoken about, a smooth curved side wouldn't help them get the written description support? Is that what you just said or no?  I'm sorry. Let me try to be clearer. Aren't they trying to distinguish from prior art something that is truly polygonal? Which thing are you referring to? This is in the 937, the priority attack IPR. In the first one. Right. So just say again then, why do you think that, let's assume, which you don't want to, just for assumptions here, that the right definition is smooth curved sides. Then what is the effect on the board's obviousness ruling? The board's obviousness ruling did not exclude the possibility of smooth curved sides. And so if your honors were to find that smooth curved sides ought to have been adopted as part of the construction, that would not dislodge, at least in my understanding, that would not dislodge the board's findings.  One last one. Sure. How do you deal with the restriction requirement? Opposing counsel argued, I think if I remember right, the board found something like there were 12 distinct species in this disclosure and caused them to restrict to just one invention. And they identified figures 19 and 20, saying this depicts the same embodiment. This is what we are claiming now, basically. And 19 and 20 show a circular conical base.  So first, of course, the cases are lesioned, saying that absent an indication otherwise, the claims should not be assumed to be limited to the embodiments in the specification. The species election that you're referring to essentially reduces the set of different embodiments to one. However, this court has been very clear, including in the Inova case that we cite in our papers, that just because there's only one embodiment doesn't mean you limit the meaning of terms in the claim to all features of that embodiment. Does that answer your question, Your Honor? Yes, I guess. All right. Briefly, Your Honor, some points on this topic from the briefing. First, in the briefing, there is extensive emphasis on the, quote, heavy presumption of plain and ordinary meaning. In our view, although that occupies a lot of space in the briefing, that is irrelevant because the parties agreed that the term conical should receive its plain and ordinary meaning here. Secondly, there are a few points in the briefing where there is an argument that the Board's interpretation allows for, quote, any type of base. This issue was not before the Board. They were simply deciding whether conical could include pyramidal structures. However, in my understanding, that would be incorrect because the definitions that the flat base, the polygons, the shapes on clothes, plain clothes, et cetera, there would still be restriction to a flat base as opposed to a jagged base. And Your Honors, I'd be happy to, please. I just want to come back to one final thing. Yes. So I thought you said a couple of minutes ago that if we thought the right definition was smooth curved base sides, smooth curved sides, that the Board's result would still be the same. How does that cover a pyramid? There was evidence before the Board that it would be easy. There was evidence before the Board that it would be a matter of, I believe, routine engineering, if I'm recalling the term correctly, to convert the pyramidal structure to a circular structure. And Greenfuss also includes circular based structures. Did the Board make a finding to that effect?  Oh, okay. To be clear, Your Honor, if Your Honors were to find that within the 024 patent, when the term conical is limited to shapes with circular bases, we acknowledge that the shape that the Board relied upon in Greenfuss does not have a circular base. I'm not trying to evade that. What I'm saying is that the term smooth curved sides is ambiguous and candidly confusing. And the Board did not reach this at all because they were not asked to. And that's why I answered earlier that I don't think that a finding seizing on the term smooth curved sides would necessarily undermine the Board's finding. Okay, Mr. Washburn, thank you. Counsel will give you two minutes for rebuttal. So I'll just be very brief, but I think Judge Taranto got it right when he said that the base need not be a circle, but it could be an ellipse. It has to be something that's circular or curved. It can't be a polygon. And none of the definitions say it can be a polygon with vertices that are connected by sides. It can't be a square. It can't be a triangle. It can't be a pentagon. It can't be any of those things. Before the Board, did you present this issue as a binary choice between circle and polygon, as opposed to something in the middle, smooth curved side? Did you offer, did you say at least you should conclude that the right definition is smooth curved side, which would include elliptical cross sections? When I read the declaration from the expert... You know what I mean by you. Pages 1706 and 1707, when the expert shows the pictures of a pyramid and he contrasts that with the pictures of a cone, and he's talking about the characteristics of a cone from technical dictionaries, that if you have a curved base, you have to have smooth curved sides on the shape, on the volume. And I think it's important because, you know, if you would agree with me on claim construction, you know, I'll say two things with respect to that. First of all, the Board relied upon Grinfis in its final written decision for this claim limitation. And take a look at Grinfis at 2871, please. Okay, so at 2871, you see the pyramid shape that's attached to the ear, 2871. And the pyramid doesn't have a curved base, and it doesn't have smooth curved sides. And it's important because... They already conceded that. He stood here and said that he conceded it didn't have curve. And this is the figure that the Board relied upon for its obvious decision with respect to the Nikai-Grinfis combination. So if you agree with us on the claim construction, distinguishing a cone and a pyramid, then this particular reference doesn't teach us. Okay, thank you, counsel. This case is taken under submission.